1  STEVEN T. GUBNER -- State Bar No. 156593
   ROBYN B. SOKOL - State Bar No. 159506
2  DANIEL H. GILL - State Bar No. 156045
   **EZRA BRUTZKUS GUBNER LLP**
3  21650 Oxnard Street, Suite 500
   Woodland Hills, California  91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Emails: sgubner@ebg-law.com;
   rsokol@ebg-law.com; dgill@ebg-law.com
6
   Special Counsel for Bradley D. Sharp,
7  Chapter11 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11 | In re                                    | Case No. 2:08-bk-32333-BR
12 | NAMCO CAPITAL GROUP, INC., a            | Chapter 11
   | California corporation,
13 |                                          | Adv. Case No.
14 |                Debtor.                   | **COMPLAINT TO AVOID AND**
   |                                          | **RECOVER FRAUDULENT TRANSFERS**
15 |
16 | BRADLEY D. SHARP, CHAPTER 11            | **[11 U.S.C. §§ 544, 548(a)(1)(A) and (B),**
   | TRUSTEE,                                | **550(a)(1) and (2) and California Civil Code**
17 |                                          | **§ 3439, _et seq._]**
   |                Plaintiff,
18 |                                          | [To Be Set by Summons]
   |        v.
19 |
   | BEVERLY HILLS BANCORP, INC., a
20 | Delaware corporation, FIRST BANK OF
   | BEVERLY HILLS, a California corporation,
21 |
   |                Defendants.
22 |

23        Plaintiff Bradley D. Sharp ("Plaintiff"), the Chapter 11 Trustee for the Estate of Namco

24 Capital Group, Inc., a California corporation (the "Debtor"), alleges as follows:

25                           <u>**NATURE OF ACTION**</u>

26        1.       This is an adversary proceeding brought pursuant to Part VII of the Federal Rules

27 of Bankruptcy Procedure to recover certain transfers made by the Debtor to Beverly Hills

28 Bancorp, Inc. and First Bank of Beverly Hills ("Defendants") and related relief.  Plaintiff seeks

362318362318

1  entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§544 and 548,

2  California Civil Code §§ 3439.04 and 3439.05 and recovering the transfers pursuant to 11 U.S.C.

3  § 550 and California Civil Code § 3439.07.

4      2.    The Plaintiff also reserves his right to bring additional claims for relief including

5  additional avoidance actions against Defendants.  This Complaint is not intended to be, nor

6  should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief

7  against Defendants in this action or by way of separate action.

8  **JURISDICTION AND CASE BACKGROUND**

9      3.    The within bankruptcy case was commenced on or about December 22, 2008 (the

10  "Petition Date"), when an involuntary petition was filed for relief under Chapter 11 of Title 11 of

11  the United States Code (the "Code"), Bankruptcy Case No. 2:08-bk-32333-BR, which case

12  currently is pending in the Los Angeles Division of the United States Bankruptcy Court for the

13  Central District of California.  An Order for Bankruptcy Relief was entered on January 29, 2009.

14  On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee.

15  Plaintiff is the duly appointed, qualified and acting Chapter 11 Trustee for the Debtor's

16  bankruptcy estate.

17      4.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

18  §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §1409.

19      5.    This action is commenced pursuant to Federal Rule of Bankruptcy Procedure

20  7001.

21      6.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) and (O).

22  **THE PARTIES**

23      7.    Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the

24  Debtor's estate.

25      8.    Plaintiff is informed and believes, and based thereon alleges that defendant

26  Beverly Hills Bancorp, Inc. is, and at all times herein mentioned was, a Delaware corporation,

27  doing business in California.

28

1        9.      Plaintiff is informed and believes, and based thereon alleges that defendant First

2   Bank of Beverly Hills is, and at all times herein mentioned was, a California corporation doing

3   business in California.

4                      **GENERAL ALLEGATIONS**

5        10.     Plaintiff is informed and believes, and based thereon alleges that prior to the

6   Petition Date, the Debtor had been in business for approximately 20 years.  Debtor's general

7   business model was relatively simple and straightforward - Debtor would borrow money from

8   individuals ("Lender Funds"), most often members of the West Los Angeles Persian community

9   (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a

10   fixed rate of return, and the Debtor would then either lend those funds to third parties, at interest

11   rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or

12   invest such funds in various real estate projects.

13        11.     Section 101(54) of the Code applicable to this case defines the term "transfer" as

14   "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a

15   debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional,

16   voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in

17   property."

18        12.     Plaintiff is informed and believes and thereon alleges that Debtor made transfers

19   to the Defendants totaling $11,757,616.60, as more fully set forth on **Exhibit "A"** attached

20   hereto and incorporated herein by this reference (the "Transfers").

21        13.     Prior to and subsequent to the making of the Transfers, the Debtor had creditors

22   whose claims it was not able to satisfy and the Debtor was unable to fund its business operations.

23        14.     The Transfers were transfers of property of the Debtor to and for the benefit of the

24   Defendants.

25        15.     At the time of each of the Transfers the Debtor was insolvent or became insolvent

26   as a result of the Transfers.

27        16.     The Debtor received absolutely no benefits or value in exchange for the Transfers.

28

17.    The Trustee is informed and believes and the Debtor's books and records reflect that the Defendants did not have any contractual or other relationship with the Debtor, that the Defendants were not members of, investors in, or creditors of the Debtor, and that the Defendants improperly received funds of the Debtor.  The Trustee is further informed and believes that the Defendants received the Transfers as payments on loans made by the Defendants to parties other than the Debtor.

## FIRST CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS

### AGAINST DEFENDANTS (ACTUAL INTENT)

### [11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1)]

18.    The Trustee repeats and realleges the allegations in above paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.    The Trustee alleges that during the four-year period immediately preceding the Petition Date, the Debtor made the Transfers in the amount of $11,757,616.60 listed in **Exhibit "A"** attached hereto and incorporated herein by this reference to the Defendants on the dates and in the amounts set forth therein.

20.    The Transfers were made by the Debtor with the actual intent to delay, hinder or defraud the Debtor's creditors.

21.    By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a)(1).

## SECOND CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS

### AGAINST DEFENDANTS (ACTUAL INTENT)

### [11 U.S.C. § 548(a)(1)(A)]

22.    The Trustee repeats and realleges the allegations in above paragraphs 1 through 17, inclusive, as though fully set forth herein.

23.     The Trustee alleges that during the two year period immediately preceding the Petition Date, the Debtor made the Transfers in the amount of $11,757,616.60 to Defendants on the dates and in the amounts set forth in **Exhibit "A."**

24.     The Transfers were made by the Debtor with the actual intent to delay, hinder or defraud the Debtor's creditors.

25.     By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS

### AGAINST DEFENDANTS (CONSTRUCTIVE FRAUD)

**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

26.     The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

27.     During the four-year period immediately preceding the Petition Date the Debtor made transfers of its property to Defendants as set forth in **Exhibit "A"** attached hereto and incorporated herein by this reference -- the Transfers.

28.     Each of the Transfers was made without Debtor receiving reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

29.     By reason of the foregoing, the Transfers are avoidable fraudulent transfers pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and are recoverable under California Civil Code §3439.07.

///

5

1

## FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS

### AGAINST DEFENDANTS (CONSTRUCTIVE FRAUD)

**[11 U.S.C. § 548(a)(1)(B)]**

30.    The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

31.    The Transfers were transfers of the Debtor's property.

32.    The Transfers were made within the two year period immediately preceding the Petition Date on the dates and in the amounts set forth in **Exhibit "A".**

33.    The Transfers were made without Debtor receiving a reasonably equivalent value in exchange for such transfer; and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

34.    By reason of the foregoing, the Transfers are avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

## FIFTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANTS

**[11 U.S.C. §§ 544 and 550, and California Civil Code § 3439.07]**

35.    The Trustee realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

36.    Plaintiff alleges that each of the Transfers constitutes a transfer of property of the Debtor to the Defendants.

1      37.    Plaintiff further alleges that each of the Transfers is a "transfer," within the

2 meaning of 11 U.S.C. § 101(54) of the Code.

3      38.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the

4 Estate the Transfers from the Defendants pursuant to 11 U.S.C. § 550(a).

5      39.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the

6 Estate the Transfers from the Defendants pursuant to 11 U.S.C. § 544, and California Civil

7 Code § 3439.07.

8      40.    Pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07, Plaintiff may

9 recover from the Defendants the value of the property transferred by each of the Transfers, plus

10 interest thereon at the maximum legal rate from and after the date of each of the Transfers, in a

11 sum according to proof, which Plaintiff believes not to be less than $11,757,616.60.

12

13                         **PRAYER FOR RELIEF**

14     **WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

15      1.    For a judgment that the Transfers are avoidable under 11 U.S.C. § 544 and California

16 Civil Code §§ 3439.04 and 3439.05 for the benefit of the Estate;

17      2.    For a judgment that the Transfers are avoidable under 11 U.S.C. § 548 for the benefit

18 of the Estate;

19      3.    To recover the value of the Transfers from Defendants, for the benefit of the Estate,

20 in the amount of $11,757,616.60, plus interest at the maximum legal rate from the date of each

21 of the Transfers, or such other amount as shall be shown by proof prior to judgment herein;

22      4.    For costs of suit incurred herein; and

23      5.    For such other relief as the Court deems just and proper.

24 DATED:  January 28, 2011           **EZRA BRUTZKUS GUBNER LLP**

25

26

27                     By: _____
                         ROBYN B. SOKOL

28                      Special Counsel for Bradley D. Sharp, Chapter 11
                      Trustee

Namco Capital Group, Inc.

Beverly Hils Bancorp

| Item # | Type | Date | Check Number | 2 Year Disbursement | 4 Year Disbursement |
|---|---|---|---|---|---|
| 1 | Check | 4/5/07 | 51300 | $ 109,864.99 | $ 109,864.99 |
| 2 | Check | 5/3/07 | 51620 | 105,116.67 | 105,116.67 |
| 3 | Check | 6/5/07 | 51805 | 108,620.54 | 108,620.54 |
| 4 | Check | 7/5/07 | 51984 | 105,116.67 | 105,116.67 |
| 5 | Check | 8/7/07 | 52168 | 108,620.54 | 108,620.54 |
| 6 | Wire Transfer | 9/4/07 | | 1,020,030.00 | 1,020,030.00 |
| 7 | Check | 10/4/07 | 52532 | 197,218.88 | 197,218.88 |
| 8 | Check | 10/12/07 | 52591 | 3,003.33 | 3,003.33 |
| 9 | Check | 10/26/07 | 52708 | 5,000.00 | 5,000.00 |
| 10 | Wire Transfer | 11/14/07 | | 2,123,133.23 | 2,123,133.23 |
| 11 | Check | 12/6/07 | 52957 | 81,590.65 | 81,590.65 |
| 12 | Check | 1/8/08 | 53084 | 77,586.11 | 77,586.11 |
| 13 | Wire Transfer | 3/5/08 | | 952,896.65 | 952,896.65 |
| 14 | Wire Transfer | 3/10/08 | | 250,030.00 | 250,030.00 |
| 15 | Check | 3/19/08 | 53563 | 250,000.00 | 250,000.00 |
| 16 | Check | 3/26/08 | 53564 | 250,000.00 | 250,000.00 |
| 17 | Check | 4/2/08 | 53565 | 250,000.00 | 250,000.00 |
| 18 | Check | 4/3/08 | 53715 | 70,265.48 | 70,265.48 |
| 19 | Check | 4/9/08 | 53566 | 250,000.00 | 250,000.00 |
| 20 | Check | 4/16/08 | 53567 | 250,000.00 | 250,000.00 |
| 21 | Check | 4/23/08 | 53568 | 250,000.00 | 250,000.00 |
| 22 | Check | 4/30/08 | 53569 | 250,000.00 | 250,000.00 |
| 23 | Check | 5/6/08 | 53936 | 59,065.54 | 59,065.54 |
| 24 | Check | 5/7/08 | 53570 | 250,000.00 | 250,000.00 |
| 25 | Check | 5/14/08 | 53571 | 250,000.00 | 250,000.00 |
| 26 | Check | 5/21/08 | 53572 | 250,000.00 | 250,000.00 |
| 27 | Check | 5/28/08 | 53573 | 250,000.00 | 250,000.00 |
| 28 | Check | 6/4/08 | 53574 | 250,000.00 | 250,000.00 |
| 29 | Check | 6/4/08 | 54119 | 52,746.02 | 52,746.02 |
| 30 | Check | 6/11/08 | 53575 | 250,000.00 | 250,000.00 |
| 31 | Check | 6/18/08 | 53576 | 250,000.00 | 250,000.00 |
| 32 | Check | 6/25/08 | 53577 | 250,000.00 | 250,000.00 |
| 33 | Check | 7/2/08 | 53578 | 250,000.00 | 250,000.00 |
| 34 | Check | 7/9/08 | 53579 | 250,000.00 | 250,000.00 |
| 35 | Check | 7/10/08 | 54319 | 42,797.48 | 42,797.48 |
| 36 | Check | 7/16/08 | 53580 | 250,000.00 | 250,000.00 |
| 37 | Check | 7/23/08 | 53581 | 250,000.00 | 250,000.00 |
| 38 | Check | 7/30/08 | 53582 | 250,000.00 | 250,000.00 |
| 39 | Check | 8/6/08 | 53583 | 250,000.00 | 250,000.00 |
| 40 | Check | 8/12/08 | 54551 | 34,913.72 | 34,913.72 |
| 41 | Check | 8/13/08 | 53584 | 250,000.00 | 250,000.00 |
| 42 | Check | 8/20/08 | 53585 | 250,000.00 | 250,000.00 |
| 43 | Check | 8/27/08 | 53586 | 250,000.00 | 250,000.00 |
| 44 | Check | 9/3/08 | 53587 | 250,000.00 | 250,000.00 |
| | | | | $ 11,757,616.50 | $ 11,757,616.50 |

**EXHIBIT "A"**

| | |
|---|---|
| Attorney of Party Name, Address. Telephone & FAX Numbers, and California State Bar Number<br>Robyn B. Sokol (SBN 159506)<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>T: (818) 827-9000; F: (818) 827-9099<br>rsokol@ebg-law.com<br>*Attorney for Plaintiff* Bradley D. Sharp, Chapter 11 Trustee | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP INC., a California corporation,<br><br>                                              Debtor. | Chapter 11<br><br>Case Number 2:08-bk-32333-BR<br><br>Adversary Number |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br>                                       Plaintiff(s),<br><br>                    vs.<br><br>BEVERLY HILLS BANCORP, INC., a Delaware corporation,<br>FIRST BANK OF BEVERLY HILLS, a California corporation,<br><br>                                       Defendant(s). | (The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Hearing Date:                Time:                Courtroom:              Floor: | |
| ☒ 255 East Temple Street, Los Angeles | ☐ 411 West Fourth Street, Santa Ana |
| ☐ 21041 Burbank Boulevard, Woodland Hills | ☐ 1415 State Street, Santa Barbara |
| ☐ 3420 Twelfth Street, Riverside | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on a date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____          KATHLEEN J. CAMPBELL
                                             Clerk of Court


                                             By: _____
                                                 Deputy Clerk


This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California
February 2010 (COA-SA)                                                              **F 7004-1**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** BRADLEY D. SHARP, CHAPTER 11 TRUSTEE | **DEFENDANTS** BEVERLY HILLS BANCORP, INC , a Delaware corporation, FIRST BANK OF BEVERLY HILLS, a California corporation |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) ROBYN B. SOKOL (SBN 159506) EZRA BRUTZKUS GUBNER LLP 21650 Oxnard Street, Suite 500 Woodland Hills, CA  91367 (818) 827-9000 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) , 548(a), 550 and 502

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer  **[1]**
☒ 14-Recovery of money/property - other  **[2]**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 11,757,617 |

Other Relief Sought

B104

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>NAMCO CAPITAL GROUP, INC., a California corporation | BANKRUPTCY CASE NO.<br>2:08-bk-32333-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>January 28, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>/s/ Robyn B. Sokol | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.